IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY P. HEARD JR.,

                Plaintiff,

  v.

CAPT. MORGAN, MEREDITH MASHAK,
K. CAMPBELL, SARA FRY, D. VALERIUS,
JON LITSCHER, and MICHAEL MEISNER,

                Defendants.

ORDER

16-cv-159-jdp

---

      Pro se plaintiff Anthony Heard is a prisoner at the Wisconsin Secure Program Facility suffering from several painful leg and knee conditions. He is proceeding on claims that defendant prison officials violated his rights under the Eighth Amendment by forcing him to sleep on a mattress on the floor, and that they violated his rights under the Rehabilitation Act by placing him in cells making it difficult for him to use the toilet or shower or participate in programming.

      In screening the complaint, I stated that there were two Eighth Amendment claims on which Heard might be able to proceed, if he could name the defendants responsible for the alleged violations: (1) his placement in an upper-tier cell, which caused him significant pain because he was forced to use the stairs; and (2) his being forced to sleep directly on the floor, without a mattress. *See* Dkt. 8, at 9-10. I directed Heard to respond to the screening order, explaining whether he meant to bring these claims and who he meant to bring them against.

      Heard has responded, clearing up some, but not all, of the confusion. With regard to Heard sleeping on the floor, he now says that he "was sleeping on a mattress on the floor by the toilet." Dkt. 9, at 1. This new allegations clarifies that he does not state a claim for relief

for being forced to sleep directly on the floor. It is unclear whether he is trying to say that his rights were violated for being forced to sleep close to the toilet. If he is trying to bring this sort of claim, his allegations are not detailed enough to tell whether he states a claim for relief. Mere proximity to the toilet in a prison cell is not enough to suggest that a prisoner is being deprived of "the minimal civilized measure of life's necessities." *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Nor does he explain whether any defendant knew that this was a problem yet did nothing to fix it.

Regarding his upper-tier placement, Heard says that "Sgt. Gee . . . made all segregation cell movement" and "was responsible for my continuous move." Dkt. 9, at 1. So I take him to be saying that Gee was the person who placed him in an upper-tier cell despite having a lower-tier restriction. But Heard does not name Gee as a defendant in his complaint or state in his supplement his desire to sue Gee.

I will give Heard a final chance to clarify his claims before serving them upon defendants. Heard should explain whether he means to name Sgt. Gee as a defendant, and he will also need to explain whether he means to bring a claim about being forced to sleep near the toilet, and, if so, explain how bad the conditions were and what prison officials knew he was forced to sleep there yet failed to help him.

ORDER

IT IS ORDERED that plaintiff Anthony Heard may have until May 8, 2017, to submit a supplement to his complaint detailing his claim about sleeping near the toilet and explaining whether he means to name Sgt. Gee as a defendant. Should plaintiff fail to submit a supplement by this deadline, the case will proceed only with the claims on which he has been granted leave to proceed.

Entered April 24, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

ORDER

IT IS ORDERED that plaintiff Anthony Heard may have until May 8, 2017, to submit a supplement to his complaint detailing his claim about sleeping near the toilet and explaining whether he means to name Sgt. Gee as a defendant. Should plaintiff fail to submit a supplement by this deadline, the case will proceed only with the claims on which he has been granted leave to proceed.

Entered April 24, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge