IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY P. HEARD JR.,

                Plaintiff,

  v.

CAPT. MORGAN, MEREDITH MASHAK,
K. CAMPBELL, SARA FRY, D. VALERIUS,
JON LITSCHER, and MICHAEL MEISNER,

                Defendants.

ORDER

16-cv-159-jdp

---

Plaintiff Anthony Heard, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. He suffers from several painful leg and knee conditions, and he brings claims that defendant prison officials violated his rights under the Eighth Amendment by forcing him to sleep on a mattress on the floor, and that they violated his rights under the Rehabilitation Act, 29 U.S.C. § 701 et seq., by placing him in cells making it difficult for him to use the toilet or shower.

Defendants have filed a motion for partial summary judgment based on Heard's failure to exhaust his administrative remedies with regard to one aspect of his Rehabilitation Act claims: the lack of toilet handrails. Dkt. 19. Rehabilitation Act claims are subject to the same exhaustion analysis as other federal claims. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Heard did not file a grievance about the lack of toilet handrails or ask for an accommodation through the DOC's accommodation-request form.

Heard concedes that he did not exhaust his claim and he agrees that it should be dismissed. I will grant defendants' motion on this claim.

In their reply, defendants state that Heard's Rehabilitation Act claim should be dismissed "in its entirety." Dkt. 24, at 1. To be clear, Heard also brings a Rehabilitation Act claim about being placed in an upper-tier cell, making it difficult to go to the showers or participate in programming. Defendants did not move for summary judgment on that claim, so I will not consider dismissing it. Defendants also say that Heard's Eighth Amendment claim should be dismissed "to the extent it includes allegations of lack of toilet handrails." *Id.* at 1–2. But the only Eighth Amendment claims he is proceeding on are claims regarding being forced to sleep low to the floor. Those claims will also remain.

Defendants have also filed a motion to extend the November 9 dispositive-motions deadline to a new date 60 days following the court's resolution of their exhaustion motion. Dkt. 25. I will grant that motion in part, but they should not need two months to draft their summary judgment materials. A new deadline is set below.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment based on plaintiff Anthony Heard's failure to exhaust his administrative remedies on his Rehabilitation Act claim regarding toilet handrails, Dkt. 19, is GRANTED. That claim is DISMISSED.

2. Defendants' motion for an extension of the dispositive-motions deadline, Dkt. 25, is GRANTED in part. The new deadline is December 3, 2018.

Entered October 25, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge